# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

FILED
2015 JUL 13 AM 8: 21

July 10, 2015

Ms. Jeannette Clack
Western District of Texas, El Paso
United States District Court
525 Magoffin Avenue
Room 108
El Paso, TX 79901-0000

    No. 14-50073   USA v. Justin Holmes
                     USDC No. 3:12-CR-2032-1

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                 Sincerely,

                                 LYLE W. CAYCE, Clerk

                                 By: _____
                                 Nancy F. Dolly, Deputy Clerk
                                 504-310-7683

cc:
    Mr. Joseph H. Gay Jr.
    Mr. Justin Christopher Holmes
    Mr. Mark Randolph Stelmach
    Mr. Joseph Dean Vasquez

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50073
Summary Calendar

D.C. Docket No. 3:12-CR-2032-1

United States Court of Appeals
Fifth Circuit
**FILED**
June 18, 2015
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

 Plaintiff - Appellee

v.

JUSTIN CHRISTOPHER HOLMES,

 Defendant - Appellant

Appeals from the United States District Court for the
Western District of Texas, El Paso

Before PRADO, OWEN, and GRAVES, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50073
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 18, 2015
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

          Plaintiff-Appellee

v.

JUSTIN CHRISTOPHER HOLMES,

          Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2032-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

    Justin Christopher Holmes appeals his conviction for solicitation of child pornography, asserting that the district court violated the absolute rule against judicial participation in plea negotiations under Federal Rule of Criminal Procedure 11(c)(1). We review forfeited Rule 11 objections for plain error, and the "silent defendant has the burden to satisfy the plain-error rule." *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Holmes must show a forfeited

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). A violation of Rule 11(c)(1) violates a defendant's substantial rights if the record as a whole reflects a reasonable probability "that, but for the [district court's] exhortations, [the defendant] would have exercised his right to go to trial." *United States v. Davila*, 133 S. Ct. 2139, 2150 (2013). If Holmes shows a clear or obvious error that affects his substantial rights, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

During a pre-trial hearing on Holmes's motion for appointment of new counsel, the district court questioned defense counsel about whether Holmes had seen the "sickening" evidence against him, which included images that were "the worst that [the court had] ever seen in any child pornography case." The court indicated that potential jurors would view a sample of the images during voir dire and noted it "would keep the ones that didn't get sick." After reiterating that the jury pool would see the images before the trial began, the court asked whether the Government had offered Holmes a plea deal and the details concerning the offer. The court instructed the prosecutor to put the parties' tentative agreement on the record and questioned Holmes about his interest in the plea offer. The court agreed to appoint new counsel to give Holmes his requested "second opinion" about the case but declined to "saddle" anyone else in the Federal Public Defender's office with the case.

The district court's comments suggested that it "had a predisposition to believe that [Holmes] was guilty" and "were akin to the court advocating . . . that the plea was in [his] best interest." *United States v. Hemphill*, 748 F.3d 666, 674-75 (5th Cir. 2014). Taken in context and read in their entirety, the comments amounted to "participation in or interference with the plea

negotiation process" that was a clear or obvious violation of the "blanket prohibition" of Rule 11(c)(1). *See id.* at 672-75.

Although Holmes claims that he pleaded guilty because of the trial court's comments, he cites to nothing in the record that supports his claim. The record reflects that he waited three months after the court's comments to enter his guilty plea, and he testified at his rearraignment that no one had threatened, coerced, or intimidated him to plead guilty. Because he fails to show a reasonable probability that he would have proceeded to trial but for the district court's comments, we find no plain error. *See Davila*, 133 S. Ct. at 2149-50; *Vonn*, 535 U.S. at 58-59. The judgment of the district court is AFFIRMED.